# IN THE COURT OF CRIMINAL APPEALS OF TEXAS AT AUSTIN TEXAS

MOTION DENIED
DATE: 1/2/15
BY: PC

JOE TRAMPAS BENAVIDES

TDCJ-ID No. 01812093
                    Relator/
                    (Petitioner),

V.

363rd JUDICIAL DISTRICT

COURT OF DALLAS, DALLAS

COUNTY TEXAS
                    Respondent.

Trial Court No. F99-21709-MW

WR-76,987-03

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 08 2015

Abel Acosta, Clerk

## MOTION FOR AN APPEAL BOND

## PURSUANT TO TEXAS CODE CRIMINAL PROCEDURE ANN. ART. 44.04

COMES NOW, JOE TRAMPAS BENAVIDES, and moves the Court, pursuant to Tex. Code Crim. Proc. Ann. art. 44.04, to request that bail be set. This motion is based upon Relator's right to bail pending appeal pursuant to Tex. Code Crim. Proc. Ann. art. 44.04. In support thereof, the Relator states the following:

1. On January 26, 2000 the Relator pled guilty to Delivery of a Controlled Substance in Case No. F99-21709-MW; Possession of a

(1)

Controlled Substance: Cocaine in Case No. F99-21708-W; and Possession of a Controlled Substance, Intent to Deliver: Cocaine in Case No. F99-21710-W.

2. There was a Plea Bargain Agreement where the Relator was adjudicated guilty of the above offenses. The Relator's sentence was assessed for 10 years incarceration in Case No. F99-21709-MW and 2 years in Case Nos. F99-21708-W and F99-21710-W. The Relator's sentences were suspended and he was placed on 5 years community supervision commencing on January 26, 2000.

3. In June 2000, the Relator violated probation and was sentenced to 45 days detention in Dallas County Jail starting July 14, 2000 and ending August 27, 2000. Thereafter the 5 years regular probation was reinstated.

4. In August, 2002 the Relator violated probation due to a theft conviction in Case No. F02-34673-W. Relator was sentenced to 20 months in TDCJ-State Jail in said case on November 1, 2002 as part of a Plea Bargain Agreement.

5. On the same day of November 1, 2002 a judgement was entered revoking the probation in Case Nos. F99-21709-MW, F99-

(2)

21708-W and F99-21710-W. Relator sentenced to 10 years TDCJ in Case No. F99-21709-MW. Sentenced to 20 months TDCJ-State Jail in Case Nos. F99-21708-W and F99-21710-W on the same date. All cases to run concurrent along with Case No. F02-34673-W as in both Plea Bargain Agreements.

6. On May 16, 2003 a hearing was held and Relator was placed on 8 years shock probation in Case No. F99-21709-MW. Said probation to commence on May 16, 2003. Relator remained in custody due to 20 months in TDCJ-State Jail in the other three cases. Subsequently released on April 28, 2004 and actual "commencement" of Shock Probation in Case No. F99-21709-MW.

7. On March 21, 2005 the Relator was convicted of Stalking and sentenced to 9 years incarceration. Case No. F05-00009-IW.

8. On March 25, 2005, a judgement was entered revoking the Relator's Shock Probation in Case No. F99-21709-MW, the Relator was sentenced to 10 years incarceration, lifting the suspension of this sentence originally imposed on January 26, 2000 as part of original Plea Bargain Agreement. On the same day the trial court "added" a cumulation order. Ordering

(3)

this sentence to run consecutive to Case No. F05-00009-IW.

9. On March 25, 2005 the Relator filed a motion for new trial in both cases. On March 31, 2005 the motion for new trial was overruled in both cases.

10. On November 2, 2005 Relator filed a notice of appeal.

11. On February 27, 2007 Court of Appeals Fifth District of Texas at Dallas Affirmed the convictions in both cases.

12. Upon entering TDCJ on May 8, 2007 all sentences were shown concurrent and Relator continued to serve 10 year sentence that was first handed down.

13. Due to backtime credits not awarded correctly the Relator made requests through Time Credit Resolution Dispute and TDCJ-State Counsel For Offenders. Not satisfied with the results. Relator filed Writ of Habeas Corpus for the missing backtime credits.

14. Issue was not cognizable on habeas but trial court still awarded the remaining credits and Case No. F99-21709-MW was discharged on June 5, 2012. On this date Relator began serving remainder of 9 year sentence in Case No. F05-0009-IW.

(4)

15. Nunc pro tunc filed in Case No. F05-00009 arguing for backtime credits and order granted March 18, 2013 changing Relator's release date to August 29, 2013. On this date audit was done on Relator's file, and he was detained due to the cumulation order in Case No. F99-21709-MW. Relator is currently serving remainder of 10 year sentence as part of "19" year sentence due to cumulation order running this sentence consecutive to 9 year sentence in Case No. F05-00009-IW.

16. Relator filed Writ of Habeas Corpus in Case No. F99-21709-MW on March 6, 2014. On May 18, 2014 Court of Criminal Appeals "denied without written order the application for writ of habeas corpus on the findings of the trial court without a hearing."

17. On May 15, 2014 Relator filed "Motion To Include Memorandum In Support Of Writ Of Habeas Corpus and Appellant's Reply To State's Response To Application For Writ Of Habeas Corpus As Part Of The Record For Review Of Writ Of Habeas Corpus." Said motion denied by Court of Criminal Appeals on June 17, 2014.

18. On June 24, 2014 suit was also filed by Relator under 28 U.S.C. [section] 2254; Joe Trampas Benavides V.

(5)

William Stephens, Director. (Civil Action No. 3:14-cv-2293). Civil Action still pending and open.

19. On June 25, 2014, Relator filed Motion To Rereview Appellant's Writ Of Habeas Corpus Pursuant To Texas Code Of Criminal Procedure Ann. Art. 11.07 And The Fourteenth Amendment To The U.S. Constitution." Said Motion denied by Court of Criminal Appeals on July 8, 2014.

20. On December 15, 2014, Relator believing he had no other adequate State remedy at law; filed "Original Application For Writ Of Mandamus."

21. As the sole ground for the instant petition, Relator asks this court to consider whether the Relator is eligible for an appeal bond pursuant to Tex. Code Crim. Proc. Ann. art. 44.04.

WHEREFORE, Relator respectfully moves this Court to grant a Writ of Habeas Corpus, and hold a hearing to determine his eligibility for an appeal bond.

(6)

Respectfully Submitted,

_Joe Trampas Benavides_
Joe Trampas Benavides #1812093
(Relator/Petitioner)
Clements Unit
9601 Spur 591
Amarillo, Tx. 79107

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been sent by Certified U.S. Mail on this the _6th_ day of _January_ 20 _15_ to the Presiding Judge, 363rd Judicial District Court of Dallas County, Texas, 133 N. Riverfront Blvd. 5th Floor, Dallas Texas 75207.

_Joe Trampas Benavides_
Joe Trampas Benavides
(Relator/Petitioner)

(7)

# IN THE COURT OF CRIMINAL
# APPEALS OF TEXAS
# AT AUSTIN TEXAS

JOE TRAMPAS BENAVIDES

TDCJ-ID No.01812093
                    Relator /
                    (Petitioner)

v.

363rd JUDICIAL DISTRICT

COURT OF DALLAS, DALLAS

COUNTY TEXAS
            Respondent.

Trial Court No. F99-21709-MW

WR-76,987-03

## MEMORANDUM IN SUPPORT OF MOTION FOR AN APPEAL
## BOND PURSUANT TO TEXAS CODE CRIMINAL PROCEDURE ANN. ART.44.04

Petitioner respectfully submits that he is entitled to bond pending appeal pursuant to Tex. Code Crim. Proc. Ann. Art. 44.04. Petitioner requests that the court issue a Writ of Habeas Corpus, and find him eligible for bond. Petitioner also requests a hearing on his claims.

## STATEMENT OF ISSUES

I.    The Petitioner is entitled to a reasonable appeal bond pending his appeal / Writ of Mandamus.

(1)b

## STATEMENT OF JURISDICTION

Texas provides an avenue for matters pertaining to bail pending appeal. There are three means to review bail pending an appeal: (1) by an appeal pursuant to Article 44.04 (g); (2) by appeal from a denial of writ of habeas corpus pursuant to Article 44.36, V.A.C.C.P.; or (3) by an original writ of habeas corpus to the Court of Criminal Appeals. **Ex parte Spaulding**, 612 S.W. 2d 509 (Tex. Cr. App. 1981). The Petitioner feels that his best opportunity to obtain fair and substantial justice regarding his bond pending appeal is through this petition, as the procedural remedy utilized herein has historically served as a safety net for those who have had their constitutional rights violated.

## ARGUMENT

The Petitioner brings his claim before the court pursuant to Tex. Code Crim. Proc. Ann. art. 44.04 provides that,

> The defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed

(2).

under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged.

Tex. Code Crim. Proc. Ann. art. 44.04. See also **Thomas v. State**, 54 S.W. 3d 907 (Tex. App. Corpus Christi 2001); **Lebo v. State**, 90 S.W. 3d 324 (Tex. Crim. App. 1998). The plain language of the statute indicated a trial judge was prohibited from releasing a person on bail pending appeal only if his punishment equaled or exceeded ten years actual imprisonment, while those who are placed on ten years community supervision may seek release on bail pending appeal. **Lebo**, 90 S.W. 3d at 330.

A defendant adjudicated guilty of an offense under:

(A) Section 19.02, Penal Code (murder);
(B) Section 19.03, Penal Code (capital murder);
(C) Section 21.11(a)(1), Penal Code (indecency with a child);
(D) Section 20.04, Penal Code (aggravated kidnapping);
(E) Section 22.02, Penal Code (aggravated sexual assault);
(F) Section 29.03, Penal Code (aggravated robbery);
(G) Section 481, (health and safety code); or
(H) Section 22.011, Penal Code (sexual assault);

may not be released on bail pursuant to Tex. Code Crim. Proc. Ann. Art. 42.12, C4(g)(a)(1). See also **Skinner v. State**, 2001 Tex. App. Lexis 1235 (Tex. App. Texarkana). A denial of a defendant's request

(3)₆

for an appeal bond upon revocation of his deferred adjudication community supervision following conviction for aggravated sexual assault was appropriate because under Tex. Code Crim. Proc. Ann. art. 44.04 (b), a defendant who had been convicted of an offense under Tex. Code Crim. Proc. Ann. art. 42.12, c g (a)(1) could not be released on bail pending appeal. **Id.**

Petitioner now asserts that the imposition of a ten year sentence as a result of violation for an individual who was placed on eight years of "shock probation" exceeds the length of incarceration. The Petitioner submits that he is entitled to a reasonable bond because there is no statutory basis or legal cause to deny him bail. Accordingly, the claims raised below are now properly before this Court. The Petitioner therefore respectfully requests that the Court hear the claims presented in his Motion and this Memorandum of Law.

## I. THE PETITIONER IS ENTITLED TO A REASONABLE BOND

The Petitioner submits that because he actually began serving a portion of his ten year sentence, he would be entitled to bond pending appeal. Convicted felons are not guaranteed the right to

(4)b

bail under the Texas Constitution. Tex. Const. art 1, c 11. The legislature has, however, created a right to bail pending an appeal. Tex. Code Crim. Proc. Ann. art. 44.04. Tex. Code Crim. Proc. Ann. art. 44.04(b) renders a defendant ineligible for bail where his punishment equals or exceeds 10 years' confinement or if the defendant has been convicted of an offense listed under Tex. Code Crim. Proc. Ann. art. 42.12, c 3g(a)(1). Tex. Code Crim. Proc. Ann. art. 44.04(b). In cases where punishment is less than 10 years, the trial court has discretion to set bail or to deny it for good cause upon belief (1) that the defendant will not appear when the conviction became final, or (2) that he will be likely to commit another offense while on bail. Tex. Code Crim. Proc. Ann. art 44.04(c).

When a defendant is placed on community supervision, no sentence has been imposed. **Worthington v. State**, 38 S.W.3d 815, 819 (Tex. App. 2001) (citing **Amando v. State**, 983 S.W.2d 330, 331 (Tex. App. 1998)). Further, the sentence is imposed for the first time when community supervision is revoked. **Id.**

"When a court grants shock probation under the provisions of [article] 42.12, [section] 3e, it suspends the execution rather

(5)b

than the imposition of the sentence." **O'Hara v. State**, 626 S.W. 2d 32, 35 (Tex. Crim. App. 1981). In these circumstances, "the defendant actually serves a portion of the sentence. The convicting court may then suspend the execution of the remainder of the sentence." **Id.** It follows, therefore, that a new sentence is not imposed or executed if the probation is revoked, instead, the suspension of the execution of the sentence is lifted, and the defendant continues to serve his previously ordered sentence. See **Id.** A cumulation order increases the length of the term of a sentence; therefore, in the context of a shock probation revocation, a cumulation order violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and article 1, section 14 of the Texas Constitution by inflicting additional punishment on a defendant who has already started serving a sentence for the same offense. See **Ex parte Reynolds**, 462 S.W. 2d 605, 607 (Tex. Crim. App. 1970); see also **Van Nguyen v. State**, Nos. 01-01-01132-CR, 01-01-01222-CR, 2002 Tex. App. Lexis 8581, at *3 (Tex. App.-Houston [1st Dist.] Dec. 5, 2002, pet ref'd) (mem. op., not designated for

(6)b

publication). Accordingly, under Texas law, "a court may not add a cumulation order onto a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed. Such an attempted cumulation order is null and void and of no legal effect." O'Hara v. State, 626 S.W. 2d at 35. (Quoting from **Stephens v. State**, 2013 Tex. App. Lexis 3125).

In this case, the Petitioner was sentenced to ten years incarceration, however his sentence was suspended and he was placed on five years community supervision on January 26, 2000 in Case No. F99-21709-MW. Subsequently on November 1, 2002, the Petitioner violated probation and was sentenced to 20 months State Jail. A judgement was entered revoking his five year community supervision in Case No. F99-21709-MW. While serving his sentence the Petitioner was then placed on eight years shock probation for Case No. F99-21709-MW commencing on May 16, 2003. Thereafter the Petitioner was released from State Jail on April 28, 2004. On March 21, 2005, the Petitioner was convicted of Stalking and sentenced to

(7)b

nine years incarceration in Case No F05-00009-IW. On March 25, 2005, a judgement was entered revoking the Petitioner's shock probation and he was sentenced to ten years incarceration in Case No. F99-21709-MW. On the same day of March 25, 2005, the trial court added a cumulation order, ordering Case No. F99-21709-MW to run consecutive to Case No. F05-00009-IW. This done even though the 10 year sentence in Case No. F99-21709-MW had been previously imposed. That same day the Petitioner filed a notice of appeal as to Case No. F99-21709-MW.

The Petitioner asserts that he is entitled to bond pending appeal because his sentence in Case No. F99-21709-MW is less than ten years' confinement. The Petitioner's sentence was imposed for the first time on November 1, 2002, when his community supervision was revoked. At that time, the Petitioner began serving time on his sentence. In fact, the Petitioner had served atleast 2 years 7 months 22 days of his original sentence as evidenced by the fact that he was not placed on shock probation until May 16, 2003. This total due to the detainment for State Jail on May 16, 2003 until April 28,

(8)b

2004 and all pre-sentence hearing jail time including from September 1, 2004 to March 25, 2005 the date of sentencing and addition of the cumulation order with all sentences concurrent up to that date. Since the Petitioner has already served time on his sentence, his punishment "incarcerated" is less than ten years. Furthermore the Petitioner believes he has completed his sentence(s) day for day as of August 29, 2013. Petitioner also believes pursuant to the findings of this Court in his Original Application For Writ of Mandamus that a constitutional right was violated and relief will be granted due to the Plea Bargain Agreement in Case No. F99-21709-MW; which clearly shows no cumulation order was agreed upon on January 26, 2000. Therefore, the Petitioner request that bail be set pursuant to Tex. Code Crim. Proc. Ann. art. 44.04

## CONCLUSION

For the above stated reasons, Petitioner respectfully requests that this honorable Court to find that the Petitioner is eligible for bond pending appeal.

(9)b

Respectfully Submitted,

*Joe Trampas Benavides*
Joe Trampas Benavides #1812093
Relator/Petitioner, Pro Se
Clements Unit
9601 Spur 591
Amarillo, Texas 79107


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this document has been sent by Certified U.S. Mail on this the _6th_ day of January 2015 to the Presiding Judge, 363rd Judicial District Court of Dallas, Dallas County, Texas, 133 N. Riverfront Blvd. 5th Floor, Dallas Texas 75207

*Joe Trampas Benavides*
Joe Trampas Benavides #1812093
Relator/Petitioner, Pro Se

IN THE COURT OF CRIMINAL
APPEALS OF TEXAS
AT AUSTIN TEXAS

JOE TRAMPAS BENAVIDES

TDCJ-ID No. 01812093
      Relator/
     (Petitioner)

Trial Court No. F99-21709-MW

WR-76,987-03

V.

363rd JUDICIAL DISTRICT

COURT OF DALLAS, DALLAS

COUNTY TEXAS
        Respondent.

## MOTION FOR BENCH WARRANT

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Joe Trampas Benavides, (Petitioner), Pro Se in the above styled and numbered cause and states:

    My name is Joe Trampas Benavides, (Petitioner), my offender number is: 01812093. I am competent to make this affidavit. I am presently incarcerated in the Bill Clements Unit located at 9601 Spur 591, Amarillo, Texas 79107. I request the Court to issue a Warrant from the Bench ordering the Sheriff of Dallas County,

I

to transport me to the 363rd Judicial District Court of Dallas in Dallas County Texas for hearing in this matter so that I may give testimony regarding appeal bond.

## PRAYER

Petitioner respectfully prays that this Court grant this motion and order the Sheriff of Dallas County to transport Petitioner to the hearing of this cause.

Respectfully Submitted,

*Joe Trampas Benavides*

Petitioner, Pro Se
Joe Trampas Benavides #1812093
Clements Unit
9601 Spur 591
Amarillo, Tx. 79107

II

## IN THE COURT OF CRIMINAL
## APPEALS OF TEXAS
## AT AUSTIN TEXAS

JOE TRAMPAS BENAVIDES

TDCJ-ID No. 01812093
Relator/
(Petitioner),

V.

363rd JUDICIAL DISTRICT

COURT OF DALLAS, DALLAS

COUNTY TEXAS
                Respondent.

Trial Court No. F99-21709-MW

WR-76,987-03

## ORDER

On this the _____ day of _____ 2015, came on to be heard the Defendant's Request for Bench Warrant and after due consideration of the same it is,

ORDERED that the Defendant's request for a hearing is (GRANTED / DENIED); and that said cause is set for hearing on the _____ day of _____, 2015; and it is further;

III

ORDERED that the Defendant's request for bench warrant is (GRANTED/DENIED); and the Clerk of the Court notify said Defendant regarding the Bench Warrant of the Defendant to this county for said trial.

_____

JUDGE PRESIDING